UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
CORNWALL MANAGEMENT LTD and OLEG
SOLOVIEV a/k/a OLEG VALENTINOVICH
SOLOVIEV,
     Plaintiffs,

v.

THOR USA a/k/a THOR UNITED
CORPORATION, JON DOE THOR ENTITIES,
ATLANT CAPITAL HOLDINGS, LLC, OLEG
BATRACHENKO a/k/a OLEG BATRATCHENKO,
a/k/a O.V. BATRACHENKOV, PETER KAMBOLIN,
NORTH 3RD DEVELOPMENT, LLC, and ABRAHAM
BENNUN,
     Defendants.
_____/

Index No.: 12-CV-08551 (LLS)

**<u>MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO AUTHORIZE ALTERNATIVE SERVICE ON DEFENDANT, OLEG BATRATCHENKO</u>**

     Plaintiffs, Cornwall Management Ltd. and Oleg Soloviev a/k/a Oleg Valentinovich Soloviev (collectively "Plaintiffs") by their undersigned attorneys, respectfully submit this Memorandum of Law in support of their motion to authorize alternative service on Defendant, Oleg Batrachenko a/k/a Oleg Batratchenko a/k/a O.V. Batrachenkov ("Batratchenko" or "Defendant"), pursuant to N.Y. C.P.L.R. §308 and/or Fed. R. Civ. P. 4(f)(3).

### I.    FACTUAL BACKGROUND

     This action arises from the defendants' wrongful inducement of plaintiffs to loan funds to defendants, and defendants' wrongful refusal to return plaintiffs' funds. *In précis*, through a series of intentional omissions and fraudulent misrepresentations, and the use of corporate entities as alter egos, plaintiffs suffered damages in excess of $3.2 million. Plaintiffs now pursue defendants, and their alter egos for the underlying fraud that occurred through the entry of a 2010

1

CAT P.A.

Arrangement when defendants had no intention of performing under it.  On February 26, 2013, plaintiffs filed their amended complaint for fraud and alter ego ("Complaint").

## II.   PROCEDURAL BACKGROUND

### A.   Service Of Process Over Defendants

All defendants have been served in this action, save for Batratchenko.  Defendants Abraham Bennun and North 3rd Development, LLC were served on December 20, 2012, and filed their first response in opposition to the Complaint on March 13, 2013.  Defendants Thor United Corp. ("Thor USA") and Atlant Capital Holdings, LLC were served personally through the New York secretary of state on February 13, 2013.  Thor USA is currently in default, and a motion for entry of a certificate of default by the clerk against Thor USA has been filed with the Court.  Defendant, Peter Kambolin ("Kambolin") was served on March 4, 2013.  Defendants, Kambolin and Atlant stipulated to the filing of a response by April 26, 2013.

However, defendant Batratchenko has yet to be served.  Defendant Batratchenko is a co-founder, principal, officer, director, agent, owner, and/or employee of the Thor USA defendants.  (See Compl. at ¶9).

### B.   Service of Process Attempts on Batratchenko

Plaintiffs attempted service over Batratchenko at his last known address, 575 Ridgeland Terrace, Englewood, New Jersey 07631 ("NJ address"), to no avail.  (See Declaration of Cherish A. Thompson at ¶4).  Plaintiffs also attempted service at another known address obtained by a skip tracer search, 244 Riverside Drive, Apt. 5C, New York, New York 10025 ("Riverside address"), to no avail.  Id.  Plaintiffs attempted service at yet *another* address where Batratchenko maintains a residence, 271 W 47th Street Apt 37F, New York, New York 10036

("47th Street address"), to no avail.  Id.  Service or process on Batratchenko is impracticable at his dwelling place or usual place of abode.

Plaintiffs also attempted service at Batratchenko's place of business at 551 Fifth Avenue, New York, NY 10176 ("Fifth Ave. address"), to no avail.  (Id. at ¶5).  The Fifth Ave. address is listed on the results obtained by a skip tracer search for Batratchenko ("Skip Tracer results").  Id.  Service of process on Batratchenko is impracticable at his actual place of business.

### C. Batratchenko's Evasion of Service of Process

Batratchenko has been evading service.  Upon information and belief, Batratchenko has worked between New York, New York and Moscow, Russia for over six (6) years.  In fact, as recent as December 24, 2012, Batratchenko was seen at Thor headquarters in Moscow, Russia, located at Malaya Pirogovskaya Street 18, office 201, Moscow, Russia.  On December 25, 2012, at the demand of a Moscow Arbitration Court usher, Batratchenko appeared in Moscow Arbitration Court, Bolshaya Tulskaya Street #17, Moscow, Russia 115191.  These facts reinforce Batratchenko's commute between New York and Russia, and that he has been evading service in the United States.

Service of process on Batratchenko within the United States was unsuccessful, as all four attempts yielded no results, and plaintiffs are unable to locate Batratchenko's forwarding domestic address and/or the whereabouts of Batratchenko within the United States.  There is an alternative means of service however, and that is by electronic mail ("email").  Plaintiffs have acquired Batratchenko's personal email addresses at Thor USA, as well as his email addresses posted on Thor USA's website, which advertises Batratchenko as the CEO with Batratchenko's personal photograph and biography.  (Id. at ¶8).  For reasons discussed *infra* relating to

alternative service of process, plaintiffs have within their custody and control two active (2) telephone numbers for Batratchenko.[1]

### III.   ARGUMENT

This memorandum of law supports the plaintiffs' motion to serve Batratchenko by alternative means, specifically by email. Service of process by way of email will comport with due process of law, affording defendant with notice that is reasonably calculated to inform him of the pendency of this action, and provide him with ample opportunity to offer his objections and defend in this action. (Id. at ¶12).

####    A.   Service of Process under New York State Law

#####       i.   Service of process under N.Y. C.P.L.R. §308(1), (2), and (4) is impracticable.

Service of process on Batratchenko by alternate means is warranted since service of process within the state of New York is impracticable. Fed. R. Civ. P. 4(e)(1) provides that "an individual…may be served in a judicial district of the United States by following *state law* for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located." Under New York state law, personal service may be made "by delivering the summons within the state to the person to be served." N.Y. C.P.L.R. §308(1). From the service history attempts referenced above, plaintiffs have demonstrated the impracticability of delivering the summons to Batratchenko *in personam*. N.Y. C.P.L.R. §308(2) provides that service may be effectuated "by delivering the summons within the state to a person of suitable age and discretion at the actual place of business, *dwelling place or usual place of abode of the person* to be served." Plaintiffs' service attempts have demonstrated the impracticability of serving a person of "suitable age and discretion" at Batratchenko's "dwelling

---

[1] Plaintiffs have multiple numbers available for Batratchenko: (i) +7(916) 419-6717 (ii) +7(968) 756-7575.

place or usual place of abode." N.Y. C.P.L.R. §308(4) provides that "where service under paragraphs one and two cannot be made with due diligence, [service may be made] by affixing the summons to the door of either the actual place of business, dwelling place or usual place of abode within the state of the person to be served…" Plaintiffs' thorough investigation yielded no results in confirming Batratchenko's "dwelling place or usual place of abode" by which plaintiffs could "nail and mail" the summons to the door of said abode. Service by alternative means is therefore, proper. Plaintiffs respectfully request this Court to ender an order authorizing alternative service pursuant to N.Y. C.P.L.R. §308(5), as service under N.Y. C.P.L.R. §308(1), (2), and (4) is impracticable under the circumstances.

> ii. Service of process under N.Y. C.P.L.R. §308(5) is warranted, and will comport with due process requirements.

Service of process under N.Y. C.P.L.R. §308(5) is warranted, and will comport with due process requirements of notice and an opportunity to respond. "With the realization that it may not always be possible to serve process by one of the prescribed methods [in N.Y. C.P.L.R. §308(1), (2), and (4)] the legislature has given plaintiffs…[an] additional provision to which they may turn." Snyder v. Energy Inc., 2008 NY Slip Op 28137, 4 (N.Y. Civ. Ct. 2008). "As regards natural persons, N.Y. C.P.L.R. §308(5) allows service to be made in such manner as the court, upon motion without notice, directs, if service is impracticable under paragraphs one, two and four of this section." Id. "A plaintiff can demonstrate that service by conventional means is impracticable by making diligent, albeit unsuccessful, efforts to obtain information regarding a defendant's current residence, business address or place of abode." Id. "When usual methods of service prove impracticable, service that is 'reasonably calculated, under all the circumstances, to apprise [the] interested party of the pendency of the action' will suffice." D.R.I., Inc. v. Dennis, 2004 U.S. Dist. LEXIS 22541 (S.D.N.Y. June 2, 2004) *quoting* Mullane v Central Hanover Bank

& Trust Co., 339 U.S. 306 (1950).

In Snyder, plaintiffs showed that the defendant used an email address that by all indications was in fact defendant's email address. Snyder, 2008 NY Slip Op 28137 at 6. "A court could readily conclude that service by e-mail [was] 'reasonably calculated, under all the circumstances, to apprise the defendants of the actions brought against them.'" Id. *quoting* Mullane, 339 U.S. at 314. The court "determined that service of the summons and complaint on defendants by e-mail was an appropriate form of service" and "issued an order that authorized the e-mail service that plaintiffs had requested." Id. To better insure the effectiveness of the notice to defendants, the order imposed some additional requirements. Id.

First, the court instructed that the email serving the defendant (i) be sent on two consecutive dates, (ii) bear a prominent subject line indicating legal papers were being served, and (iii) be opened immediately. Id. This increased the chance that the transmittal (i) would be brought to defendant's immediate attention, (ii) not be left unopened or deleted, and (iii) not be read by somebody else and forgotten. Id. Second, the court directed plaintiffs "to mail the summons and complaint…to defendants' last known New York and Connecticut addresses. Although this was probably an exercise in futility, it was nevertheless worth having plaintiffs spend the postage on the offhand chance that defendant Nelson had recently provided the postal service with forwarding information for him and his company." Id. Last, the court directed plaintiffs to contact the defendant at his mobile number:

> The last requirement involved the cellular telephone number that plaintiffs had for defendant Nelson. Plaintiffs' counsel was directed to contact [defendant] at that number and inform him that the summons and complaint were being sent by e-mail and regular mail. While it is unusual to advise a defendant in advance of impending service, alternate service is by its very definition a departure from the usual. As with the other requirements imposed by the order, the goal was to improve the odds that defendants would actually be aware they were being sued. Although e-

mail would be the primary form of notice, a hybrid approach including mail and phone notice could only serve to heighten that awareness. Id.

Likewise, plaintiffs proffer before the court three email addresses used by Batratchenko, and held out to the general public on Batratchenko's business website. By documents contained within plaintiffs' custody and control, Batratchenko regularly uses and maintains an email address at ob@thorunited.com, and also has business email addresses at info@thorunited.com, and info@growth.com. Similar to Snyder, this court can readily conclude that service by email is reasonably calculated to apprise Batratchenko of the action brought against him.

Plaintiffs would satisfy all the additional conditions imposed by the Snyder court as well by serving the summons and complaint: (i) in an email on two consecutive dates with a prominent subject line indicating legal papers were attached and that the email should be opened immediately; (ii) by mail to Batratchenko's last known New Jersey and New York addresses, as well as his New York business address, in "the offhand chance that [Batratchenko] had recently provided the postal service with forwarding information for him and/or his company;" and (iii) by contacting Batratchenko at his telephone numbers to inform him that the summons and Complaint were being served by e-mail and regular mail.[2]

In Dennis, the plaintiff proposed "sending copies of the complaint by certified mail to defendant Dennis's last known addresses…or sending an e-mail to an e-mail address at which, according to plaintiff upon information and belief, defendant Dennis receives messages…" Dennis, 2004 U.S. Dist. LEXIS 22541 at 1-2. The court held,

> plaintiff has shown that service is impracticable under the methods specified by New York and Federal Rules of Civil Procedure. Plaintiff has attempted, through a process server to serve defendant Dennis at his last known addresses. Plaintiff has performed searches for defendant Dennis's address…[but as] these diligent efforts have proved unsuccessful, service

---

[2] Since undersigned counsel's certified paralegal is fluent in Russian, Ukrainian, and English, email messages and telephone messages may be delivered in both English and Russian.

of process on defendant Dennis pursuant to CPLR sections 308(1), (2), (3), and (4) are impracticable.  Id.

The Court granted plaintiff's motion for an order authorizing alternate service pursuant to N.Y. C.P.L.R. §308(5).  Id.  Specifically, plaintiff was "ordered to attempt service of process of the summons and complaint by…sending copies of the summons and complaint by certified mail, return receipt requested to defendant Dennis's last known addresses…and by e-mailing a copy of the summons and complaint to the e-mail address that plaintiff states is used by defendant."  Id.

Similarly, in the instant case, service is impracticable under CPLR sections 308(1), (2), and (4).  Plaintiffs attempted, through a process server, to serve Batratchenko at multiple addresses, including his last known address.  As these diligent search efforts proved unsuccessful, plaintiffs respectfully request this court to enter an order authorizing alternative service pursuant to N.Y. C.P.L.R. §308(5).  Specifically, that this court permit plaintiffs to (i) send copies of the summons and Complaint by certified mail, return receipts requested, to Batratchenko's last known addresses; (ii) email a copy of the summons and Complaint to ob@thorunited.com, info@thorunited.com, and info@growth.com, email addresses that Batratchenko uses and/or maintains; and (iii) leave messages in English and Russian on Batratchenko's telephone numbers.

### B. Service under the Federal Rules of Civil Procedure

  i. Alternative service on Batratchenko is warranted under Fed. R. Civ. P. 4(f)(3) because service of process under the Hague Convention is not feasible.

Alternative service on Batratchenko is warranted under Fed. R. Civ. P. 4(f)(3) because service of process under the Hague Convention is not feasible.  Fed. R. Civ. P. 4(f) is the controlling authority on completing service of process abroad, and states that service may be carried out by "an internationally agreed means of service that is reasonably calculated to give

notice, such as those authorized by the Hague Convention…" Fed. R. Civ. P. 4(f)(1).  Service of process cannot be completed under the Hague Convention in Russia however because the Russian Federation suspended judicial cooperation with the United States as of 2003, and refuses to adhere to service procedures set forth in the Hague Convention.  Arista Records LLC v. Media Servs. LLC., 69 Fed. R. Serv. 3d 1623, 1630 (S.D.N.Y. Feb. 25, 2008).  Russia declines to serve letters of request for service of process, and also rejects requests to execute letters rogatory transmitted by diplomatic channels.  Id.

### a.  The futility of service under the Hague Convention

The futility of attempting service in Russia pursuant to the Hague Convention is long recognized.  See RSM Prod. Corp. v. Fridman, No. 06 Civ. 11512 (DLC), 2007 WL 1515068, at *1 (S.D.N.Y. May 24, 2007) (In light of the ongoing conflict between the United States and Russian Federation, plaintiffs were unable to effectuate service of process over Russian defendants); In re Cyphermint, Inc., 445 B.R. 11, 16 (D. Mass. Bankr. 2011)(finding that service on a Russian corporation by alternative means was warranted because service under the Hague Convention is unattainable).  The Southern District of New York agrees that service of process over a defendant in Russia should be completed by alternate means.  Arista Records LLC, 69 Fed. R. Serv. 3d at 1624 (S.D.N.Y. Feb. 25, 2008).  "Rule 4(f) was not intended to burden plaintiffs with the sisyphean task of attempting service through the Hague Convention procedures when a member state has categorically refused to serve…a complaint." Id.  "Because there is no reason to believe that service would be effective if plaintiffs were required to serve…under the Hague Service Convention procedures, substitute service [on defendants in Russia] pursuant to Rule 4(f)(3) is appropriate." Id.

### b. The discretion of the District Court

Alternative means must be used pursuant to Fed. R. Civ. P. 4(f)(3), which vests discretion to the district courts to order service "by other means not prohibited by international agreements." Fed. R. Civ. P. 4(f)(3). "The decision whether to allow alternate methods of serving process under Fed. R. Civ. P. 4(f)(3) is committed to the sound discretion of the district court." Brockmeyer v. May, 383 F.3d 798, 804 (9th Cir. 2004). More pointedly, alternative service in accordance with Rule 4(f)(3) "is particularly appropriate where a signatory to the Hague Service Convention has refused to cooperate for substantive reasons." Arista Records LLC, 69 Fed. R. Serv. 3d at 1624.

### c. Equal footing of Rule 4(f)(3)

Notably, effectuating service under Rule 4(f)(3) is "neither a last resort nor extraordinary relief. It is merely one means among several which enables service of process..." Ehrenfeld v. Salim a Bin Mahfouz, 2005 WL 696769, at *2 (S.D.N.Y. Mar. 23, 2005). Bolstering the fact that Rule 4(f)(3) operates with the same force as other provisions, the Ninth Circuit Court of Appeals held:

> Rule 4(f)(3) is not subsumed within or in any way dominated by Rule 4(f)'s other subsections; it stands independently, on *equal footing*. Moreover, no language in Rules 4(f)(1) or 4(f)(2) indicates their primacy, and certainly Rule 4(f)(3) includes no qualifiers or limitations which indicate its availability only after attempting service of process by other means." Rio Props., Inc. v. Rio Intl' Interlink, 284 F.3d 1007, 1015 (9th Cir. 2002).

### d. The rationale for alternative service

Federal courts recognize that service by "email is permissible under Russian law," and that Rule 4(f)(3) "allows flexibility and empowers the Court to customize the manner of service utilized to the facts and circumstances of a particular case." In re Potash Antitrust Litig., 667 F.

Supp. 2d 907, 931 (N.D. Ill. 2009). In Potash, the Court held that plaintiffs could not serve the Russian defendants under the Hague Convention through normal procedures, and thus service under Rule 4(f)(3) was warranted. Id at 930. The Court reasoned that an order denying plaintiff's request authorizing alternative service "would basically thwart [the Defendants in Russia] from ever being served in this case and would stall litigation." Id.

In light of the fact that Batratchenko has long maintained a business in Russia, and travels to Thor USA's Moscow office, service under the Hague Convention remains futile. Thus, an order authorizing alternative service of process in accordance with Rule 4(f)(3) is justified.

> ii. Alternative service of process by email on Batratchenko comports with due process requirements.

Alternative service by email on Batratchenko comports with Fed. R. Civ. P. 4(f)(3)'s inherent due process requirements. Due process requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane, 339 U.S. at 314. Service of process by email on parties in foreign jurisdictions has long been recognized as compliant with the Mullane holding on due process. See Rio Properties, 284 F.3d at 1017 (service of process by email permitted to a defendant in Costa Rica); Philip Morris v. Veles, 2007 WL 725412 (S.D.N.Y. March 12, 2007) (plaintiff's motion for leave to serve by email over the defendant in Switzerland was granted pursuant to Fed.R.Civ.P. 4(f)(3)); Williams-Sonoma v. Friendfinder, 2007 WL 1140639 (N.D. Cal. April 17, 2007) (service on defendants in Switzerland and the Czech Republic by email was warranted and authorized by the court); Securities and Exchange Commission v. Lines, 2011 U.S. Dist. LEXIS 91354 (S.D.N.Y. Aug. 16, 2011) (service by email on defendants in the Cayman Islands and Mexico permitted). Similarly in the instant case, plaintiffs' have emails in their custody and control from Batratchenko, verifying that

Batratchenko's email addresses successfully transmit correspondence. Serving Batratchenko by email would satisfy the requisites inherent in due process.

        iii. <u>The Hague Convention does not prohibit alternative service by email</u>.

The Hague Convention's silence on conducting alternative service by email suggests that it does not prohibit such alternative service. "We observe that while service of process by e-mail is not directly authorized by either the CPLR or the Hague Convention, it is not prohibited under either state or federal law, or the Hague Convention...[as] both New York courts and federal courts have, upon application by plaintiffs, authorized e-mail service of process as an appropriate alternative method when the statutory methods have proven ineffective." <u>Alfred E. Mann Living Trust v. ETIRC Aviation S.A.R.L.</u>, 78 A.D.3d 137, 141-142 (N.Y. App. Div. 1st Dept. 2010) (See <u>Snyder v Alternate Energy Inc.</u>, 2008 NY Slip Op 28137, 4 (N.Y. Civ. Ct. 2008) [permission to serve process by e-mail granted under CPLR 308(5)]. "Service by e-mail on foreign defendants covered by the Hague Convention has also been approved upon a proper showing." <u>Id</u>.; See <u>MPS IP Servs. Corp. v. Modis Comm., Inc.</u>, 2006 U.S. Dist. Lexis 34473 (MD Fla. 2006). "Therefore, there is nothing necessarily improper about the use of e-mail service." <u>Id</u>.

        iv. <u>The United States District Court for the Southern District of New York previously ordered service by email on defendant Batratchenko</u>.

The United States District Court for the Southern District of New York previously ordered service by email on defendant Batratchenko. In <u>Matveev</u>, defendant Kambolin cross-claimed against defendant Batratchenko, and in a joint motion with the plaintiff, moved the court for an order authorizing alternative service by email. <u>Matveev v. Batratchenko, Kambolin, et. al.</u>, Case No. 11-CV-1593 (S.D.N.Y. 2011). The court granted the motion to serve Batratchenko by email at the email address, ob@thorunited.com. <u>Id</u>. at D.E. 31. Batratchenko appeared in the

case and responded to the complaint and cross-claim. In <u>Starshinova</u>, plaintiffs also were permitted to serve Batratchenko by email at the email address, ob@thorunited.com. <u>Starshinova, et. al. v. Batratchenko, et. al.</u>, Case No. 11-CV-9498 (S.D.N.Y. Mar. 26, 2012). Precedent in <u>Matveev</u> and <u>Starshinova</u> establishes that if Batratchenko is served by email, Batratchenko will receive notice of the instant action; will be provided with an opportunity to respond; and will respond to the Complaint.

## IV.   CONCLUSION

Batratchenko is avoiding service in the United States, is concealing his whereabouts, and/or is traveling back and forth to Moscow, Russia for business purposes. Absent an order authorizing alternative service over him, plaintiffs may not be able to effectuate service, and litigation would come to a standstill. An order authorizing alternative service is necessary and vital to proceeding with litigation on the merits in the case at bar. Such an order would pose no threat to the notice requirement set forth in <u>Mullane</u>, as defendant Batratchenko has been on notice of similar lawsuits involving his fraudulent activities and involvements with the Thor entities. Service by email is warranted, and comports with due process requirements of notice and an opportunity to respond to the amended complaint.

WHEREFORE, plaintiffs respectfully request the court to enter an order (i) pursuant to N.Y. C.P.L.R. §308(5) and/or Fed. R. Civ. P. 4(f)(3), authorizing alternative service by email over defendant Batratchenko, allowing for service at the following email addresses: ob@thorunited.com, info@thorunited.com, and info@growth.com; and (ii) for any such other and further relief as is just and proper.

DATED:  New York, New York

April 9, 2013.

> Respectfully submitted,
>
> BOND SCHOENECK & KING
> Counsel for Plaintiffs Cornwall
> Management Ltd. and Oleg Soloviev
> 330 Madison Avenue, 39th Floor
> New York, NY  10017
> Tel. 646-253-2318
> Fax. 646-253-2301
>
> By:     /s Michael P. Collins, Esq.
>         Michael P. Collins, Esq.
>
> -and-
> Cherish A. Thompson and Associates, P.A.
> Co-counsel for Plaintiffs Cornwall Management
> Ltd. and Oleg Soloviev
> Brickell Bay Office Tower
> 1001 Brickell Bay Drive, Suite 2014
> Miami, Florida 33131
> Telephone: 305.639.8600
> Facsimile: 305.402.2828
> By:   /s Cherish A. Thompson, Esq.
>      Cherish A. Thompson, Esq. (CT-7007)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed via electronic filing using the CM/ECF system with the Clerk of the Court which sent e-mail notification of such filing to all CM/ECF participants in this case and via regular US mail to all participants who are not on the list to receive e-mail notice/service for this case on this 9th day of April 2013.  I FURTHER CERTIFY that a true and correct copy of the foregoing was served via U.S. Regular Mail on this 9th of April 2013, to Defendant, **Thor United Corp.**, 1370 Broadway, 5th Floor, Unit 530, New York, New York 10018; and Defendant, **Oleg Batratchenko**, 575 Ridgeland Terrace, Englewood, New Jersey 07631; 244 Riverside Drive, Apt. 5C, New York, New York 10025; 271 W 47th Street Apt 37F, New York, New York 10036; and 551 Fifth Avenue, Suite 2020, New York, New York 10176.

> /s Cherish A. Thompson, Esq.
> Cherish A. Thompson, Esq.