# EXHIBIT B

Case 1:12-cv-08551-LLS    Document 37-2    Filed 06/04/13    Page 2 of 15



# НАСТОЛЬНАЯ КНИГА МЕЖДУНАРОДНОГО ИНВЕСТОРА

Олег Батраченко



Case 1:12-cv-08551-LLS   Document 37-2   Filed 06/04/13   Page 3 of 15

О. Батраченко

# Настольная книга международного инвестора

## Информационный справочник



издательство
ОМЕГА-Л

Москва
2005

# ИНФОРМАЦИОННАЯ СПРАВКА ОБ АВТОРАХ



## Олег Батраченко

Учредитель и Президент группы компаний THOR. Магистр бизнес администрации первой в мире Уортонской школы бизнеса, Магистр международной экономики Нью-Йоркского университета, Кандидат экономических наук ИМЭМО. 14 лет опыта на Уолл-стрит в компаниях Neuberger & Berman, Berkshire, Safian и Thor United. Эксперт в области многоуровневого финансового анализа, инновационных технологий портфельного управления, деривативного хеджирования и инвестиционного банкинга. Сертифицированный инвестиционный консультант штата Нью-Йорк. Лицензии США по работе с ценными бумагами №7,63,24,27,28. Член Американской ассоциации менеджеров и Совета портфельных управляющих США.



## Пётр Камболин

Соучредитель и Старший Вице-Президент группы компаний THOR, Управляющий Директор компании Thor Capital LLC. Бакалавр бизнес-администрации университета Барух. 11 лет практического опыта на Уолл-Стрит в компаниях Paine Webber, Berkshire, Unibank, Commonwealth и Thor Capital. Специалист в области высокоточного компьютеризированного трейдинга, портфельного управления, финансового анализа и корпоративного финансирования. Инвестиционный консультант штата Нью-Йорк. Лицензии США по работе с ценными бумагами №7,63,24,27,3,4,55. Член Американской ассоциации инвестиционных консультантов и Международной ассоциации технологий финансового управления.



## Алексей Чехлов

Управляющий директор компании Thor Asset Management. Доктор прикладной математики Принстонского университета, Кандидат физико-математических наук МФТИ, Профессор финансовой математики Колумбийского университета (США). 10 лет опыта портфельного управления в компаниях Bank Paribas, Wexford, TrendLogic и Thor Asset Management. Эксперт в области математических методов портфельного управления, построений компьютеризированных торговых систем и статистического арбитража. Сертифицированный инвестиционный консультант штата Нью-Йорк. Лицензии США по работе с ценными бумагами №7,63,3,55. Член Американской математической ассоциации, Статистической ассоциации США и Американской ассоциации количественного финансового анализа.



## Роман Ливсон

Управляющий директор компании Thor Capital Group. Магистр бизнес-администрации Лондонской школы экономики, Магистр финансовой математики Колумбийского университета, Сертифицированный финансовый аналитик США. 11 лет инвестиционно-банковского опыта в компаниях PriceWaterhouseCoopers, NatWest Bank, Hagstromer & Qviberg, IMC Consulting и Thor Capital Group. Эксперт в области инновационных технологий корпоративного финансирования, инвестиционного банкинга, управленческого консалтинга, комплексного финансового и стратегического анализа.

ОБ АВТОРАХ

ISBN 5-98119-468-5



209,00 Чакона.
Батрач. Настольная книга неза...
...деловой, эмбэй, инвест. портф...

### ГРУППА КОМПАНИЙ THOR

...ериканская финансовая группа THOR базируется в Нью-Йорке, в центре ...нхеттэна и специализируется на портфельном управлении, риск менеджменте, ...ккском обслуживании, инвестиционном бэнкинге и управленческом консал-...нге. Группа THOR - это не просто многофункциональный высокотехнологичный ...ик, а объединение специализированных компаний, предоставляющих - каждая ...воей области - высококлассный финансовый сервис на американском фондовом ...нке для индивидуальных и корпоративных клиентов из США, Западной Европы, ...ан Третьего Мира и СНГ.

Россия, 129090, г. Москва, Грохольский пер. 28
Тел. (7 095) 937-1339, Факс (7 095) 937-1338, www.growth.com



### Олег Батраченко

Президент группы компаний THOR. Магистр бизнес-администрации первой в мире Уортонской школы бизнеса, Магистр международной экономики Нью-Йоркского университета, Кандидат экономических наук ИМЭМО. 14 лет опыта на Уолл-Стрит в компаниях Neuberger & Berman, Berkshire, Safian и Thor United. Эксперт в области многоуровневого финансового анализа, инновационных технологий портфельного управления, дериватиевного хеджирования и инвестиционного бэнкинга. Инвестиционный консультант штата Нью-Йорк. Лицензии США по работе с ценными бумагами №7, 63, 24, 27, 28. Член Американской ассоциации менеджеров и Совета портфельных управляющих США.

# EXHIBIT C



# THOR UNITED Corp.

*551 Fifth Avenue, Suite 2020, New York 10017, USA*
Phone: (212) 973 0063
Fax:     (212) 973 0070, E-mail: info@growth.com

Soloviev Oleg
Alabiana str.10, Apt.164,
Moscow, Russia

September 11, 2007

Dear Mr./Mrs. Soloviev Oleg,

We hereby confirm the receipt on your behalf the amount of $ 1100000 (One Million One Hundred Thousand US Dollars) on the account of Thor United Corp.

Of this amount $ 1100000 (One Million One Hundred Thousand US Dollars) shall be transferred to the Investment Accounts of Thor United Corp. according to the Thor Optima Investment Memorandum at the initial NAV as of 14.09.2007.

Sincerely,


Administration Department
Thor United Corp.



# THOR UNITED Corp.

*551 Fifth Avenue, Suite 2020, New York 10017, USA*
Phone: (212) 973 0063
Fax:   (212) 973 0070, E-mail: info@growth.com

Господину Соловьеву О.

Компания Thor United Corp. рада приветствовать Вас в качестве участника инвестиционных программ Thor United.

Высылаем Вам следующие документы:

1. **Полис** участия в инвестиционных программах Thor United.
2. **Инвестиционный Меморандум** программы Thor Optima.

Далее, по истечении каждого календарного квартала Вы будете получать отчет о состоянии Вашего инвестиционного субсчета.

В случае Вашего отказа от участия в выбранных Вами инвестиционных программах Thor United Вам следует вернуть оригинал вышеуказанного Полиса в компанию Thor United Corp. до конца текущего календарного месяца и предоставить банковские инструкции для возврата вложенных Вами денежных средств и комиссионных сборов. По истечении этого срока Полис рассматривается как окончательный документ, полностью соответствующий всем положениям установленных между нами договорных отношений.

Благодарим за оказанное нам доверие и надеемся, что инвестиционные программы Thor United подтвердят в Ваших глазах весь набор своих преимуществ и будут отличными инструментами для реализации Ваших финансовых планов.

Добро пожаловать на фондовый рынок США.

С уважением,

Олег Батраченко
Президент Thor United Corp.

# EXHIBIT D



Thor United Corp.
551 Fifth Avenue, Suite 2020, New York, NY 10017

Policy Date: September 11, 2007

# Policy : 13740
# Thor United Investment Programs

**Beneficiary:**
Soloviev Oleg

**Registration Number:**
012662

Alabiana str.10, Apt.164,
Moscow, Russia

Date of Birth: 09.04.58

**Policy Amount:** $ 1 100 000
( One Million One Hundred Thousand ) US Dollars

This Policy is issued in accordance with the Thor Optima/Thor Guarant/Thor Opti-Max Investment Memorandums. The relevant information is provided by the Beneficiary in:

- Application for Thor Optima/Thor Guarant/Thor Opti-Max Investment Programs
- Power of Attorney for management of Funds
- Passport Copy or other Identity Document of the Beneficiary
- W8BEN Form

The Beneficiary has specified his/her Successors in the Application for Thor Optima/Thor Guarant/Thor Opti-Max Investment Programs.

Any discrepancies in this Policy may be addressed prior to the end of the current calendar month. From that moment onward this Policy shall be deemed to be in full force and effect.

Oleg Batratchenko,
President of Thor United Corp.

Alexey Chekhlov,
Director of Thor Optima Program

Evgeniy Kuskov,
Director of Thor Guarant Program

Petr Kambolin
Director of Thor Opti-Max Program

# EXHIBIT E

## SUBORDINATION AGREEMENT

This Subordination Agreement (this *"Agreement"*) dated May 27, 2009, is made by and between Thor Real Estate Master Fund, Ltd. (the *"MF Creditor"*), and Marktone Services Limited (the *"New Lender"*) and Atlant Capital Holdings, LLC (the *"Borrower"*).

### RECITALS

A. The MF Creditor has extended credit to the Borrower (which is not secured by the Borrower's assets and property), as evidenced by certain Loan Agreements and Promissory Notes which to date total the sum of approximately $37 million dollars (collectively, "MF Notes" and each of them separately the *"MF Note"*), of which approximately $21 million dollars have been provided to the Project known as Williamsburg Terrace located at 250 Bedford Avenue, North Williamsburg, Brooklyn, New York, issued by Borrower in favor of MF Creditor (the "MF Loan Agreements").

B. The MF Creditor had assigned $2.395 Million of the total MF Notes to the New Lender by entering into the Assignment Agreement dated May 27, 2009 (the "Assignment Agreement"), which is not secured by the Borrower's assets and property.

C. The MF Creditor wishes to subordinate (i) all of the Borrower's indebtedness and obligations to the MF Creditor under the MF Notes and MF Loan Agreements made as of this date (collectively referred to as the *"Subordinated Debt"*) to all of the Borrower's indebtedness and obligations to the New Lender; and (ii) all of the MF Creditor's interests, if any in the Borrower's property to all of the New Lender's interests.

### THE PARTIES AGREE AS FOLLOWS:

1. The MF Creditor subordinates to the New Lender any and all of Borrower's obligations to the MF Creditor existing as of this date, including any security interest or lien that MF Creditor has to this date in any present or future property of the Borrower.

2. All and any Debt payments to the MF Creditor due or existing as of this date are hereby subordinated to all of the Borrower's obligations to New Lender existing now or later under the New Loan Agreements as may be amended from time to time (the *"Senior Debt"*).

3. The MF Creditor will not:

> (a) demand or receive from the Borrower (and the Borrower will not pay) any part of the Subordinated Debt, by payment, prepayment, whether mandatory or voluntary, or otherwise,
>
> (b) exercise any remedy against the Borrower's property, or



(c) accelerate the Subordinated Debt, or begin to or participate in any action against the Borrower, until all the Senior Debt is paid.

Notwithstanding the foregoing, the MF Creditor may receive the following, provided that it will not cause the Borrower to be in default under the New Loan Agreement: (i) regularly scheduled payments of interest on the Subordinated Debt, (ii) payment of principal on maturity of the Subordinated Debt; provided that the MF Creditor shall not be entitled to receive prepayments from the proceeds of sales of any of the Borrower's assets until the payments due under the New Loan Agreement are paid in full.

4. The MF Creditor must deliver to the New Lender in the form received (except for endorsement or assignment by the MF Creditor) any payment, distribution, security or proceeds it receives on the Subordinated Debt other than according to this Agreement, to the maximum amount owned under the New Loan Agreement.

5. These provisions remain in full force and effect, despite the Borrower's insolvency, reorganization or any case or proceeding under any bankruptcy or insolvency law, and other claims against the Borrower and the Borrower's estate will be fully paid before any payment is made to the MF Creditor.

6. No amendment of the Subordinated Debt documents will modify this Agreement in any way that terminates or impairs the subordination of the Subordinated Debt or the subordination of the security interest or lien that MF Creditor has in Borrower's property, if any. For example, instruments may not be amended to (i) increase the interest rate of the Subordinated Debt, or (ii) accelerate payment of principal or interest or any other portion of the Subordinated Debt.

7. This Agreement is effective while the Borrower owes any amounts to the New Lender. At any time, with a 10 day prior notice to the MF Creditor, the New Lender may take actions it considers appropriate on the Senior Debt such as renewing or otherwise amending any documents affecting the Senior Debt and enforcing or failing to enforce any rights against the Borrower or any other person. No action or inaction will impair or otherwise affect New Lender's rights under this Agreement.

8. This Agreement binds the MF Creditor, its successors or assigns, and benefits New Lender and it's successors or assigns. This Agreement is for New Lender's benefit and not for the benefit of the Borrower or any other party.

9. This Agreement may be executed in one or more counterparts, each of which is an original and all of which together constitute one instrument.

10. New York law governs this agreement without giving effect to conflicts of laws principles. The MF Creditor, Borrower and the New Lender acknowledge that this Agreement is a transaction which in the aggregate exceeds $1,000,000 and submit to the exclusive jurisdiction of the courts in the United States District Court for the Southern District of New York and/or the Supreme Court of the State of New York, County of

2

New York. The parties further agree that each court shall have personal jurisdiction over the parties and venue shall be appropriate in each court. THE MF CREDITOR, BORROWER AND THE NEW LENDER EACH WAIVE THEIR RIGHTS TO A JURY TRIAL OF ANY CLAIM OR CAUSE OF ACTION FROM THIS AGREEMENT.

11. This Agreement represents the entire understanding of the subject matter contained herein, and supersedes prior negotiations or agreements. The MF Creditor is not relying on any representations by the New Lender or the Borrower in entering into this Agreement. The MF Creditor will keep itself informed of the Borrower's financial and other conditions. This Agreement may be amended only by written instrument signed by the MF Creditor and the New Lender.

[Remainder of Page Intentionally Left Blank]



IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the date first written above.

BORROWER
ATLANT CAPITAL HOLDINGS, LLC

by: Peter Kambolin
Managing Member

NEW LENDER
Marktone Services Limited

by: Antonia Antoniou
Title: Director

MF CREDITOR

THOR REAL ESTATE MASTER FUND, LTD.

Oleg Batratchenko
Director

4