ORIGINAL

```
                                      USDC SDNY
                                      DOCUMENT
                                      ELECTRONICALLY FILED
                                      DOC #:_____
                                      DATE FILED: 10/8/13
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - X
CORNWALL MANAGEMENT LTD and OLEG
SOLOVIEV a/k/a OLEG VALENTINOVICH
SOLOVIEV,

      Plaintiffs,

    12 Civ. 8551 (LLS)

- against -

    OPINION & ORDER

THOR UNITED CORP. a/k/a THOR UNITED
CORPORATION, JOHN DOE THOR ENTITIES,
ATLANT CAPITAL HOLDINGS, LLC, OLEG
BATRACHENKO a/k/a OLEG BATRATCHENKO,
a/k/a O.V. BATRACHENKOV, PETER KAMBOLIN,
NORTH 3RD DEVELOPMENT, LLC and ABRAHAM
BENNUN,

      Defendants.
- - - - - - - - - - - - - - - - - - X

  Plaintiffs Cornwall Management Ltd. ("Cornwall") and Oleg Soloviev ("Soloviev") bring this diversity action against defendants Thor United Corp., John Doe Thor Entities (collectively, "Thor"), Atlant Capital Holdings, LLC ("Atlant"), Oleg Batrachenko ("Batrachenko"), Peter Kambolin ("Kambolin"), North 3rd Development, LLC ("North 3rd Development"), and Abraham Bennun ("Bennun"), alleging common law fraud related to the sale of a real estate investment property in Williamsburg, Brooklyn ("the Williamsburg property").

  Atlant and Kambolin move to dismiss the amended complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, and pursuant to Fed. R. Civ. P. 12(b)(6) for

failure to state a claim upon which relief can be granted. Bennun and North 3rd Development also move to dismiss the amended complaint for legal insufficiency under Rule 12(b)(6). Cornwall and Soloviev move for leave to amend the complaint, for alternative service on Batrachenko, and for jurisdictional discovery concerning Batrachenko.

For the reasons that follow, the requisite diversity of citizenship among the parties is lacking, the court has no subject matter jurisdiction over this action, and therefore the complaint is dismissed.

## BACKGROUND[1]

In September 2007, Cornwall (represented by Soloviev), entered into two contracts with Thor (represented by Batrachenko), pursuant to which Cornwall lent Thor a total of $2.2 million for the development of the Williamsburg, Brooklyn property. See Am. Compl. ¶¶ 37-41. Thor and its affiliate company Atlant (represented by defendants Batrachenko and Kambolin respectively) subsequently promised in a July 2010 arrangement ("the 2010 Arrangement") to repay the 2007 contract loans from the sale proceeds of the Williamsburg property if

---

[1] This section refers to the Amended Complaint ("Am. Compl."), dated February 26, 2013, as well as to the parties' affidavits in support of their respective arguments concerning defendant Batratchenko's domicile. A court adjudicating a 12(b)(1) motion "may resolve disputed factual issues by reference to evidence outside the pleadings, including affidavits." State Emples. Bargaining Agent Coal. v. Rowland, 494 F.3d 71, 77 n.4 (2d Cir. 2007).

Cornwall and Soloviev agreed to extend the loans and refrain from taking legal action. Id. ¶¶ 52, 58. Cornwall and Soloviev allege that "Bennun advised Kambolin and Batrachenko to make this proposal" and drafted the 2010 Arrangement. Id. ¶ 53.

The gravamen of the Amended Complaint is that the defendants engaged in fraud by entering into the 2010 Arrangement, a contract which they had no intent to perform. Id. ¶ 61. Cornwall and Soloviev allege that Kambolin and Batrachenko concurrently negotiated a "short" sale (i.e., for less than its value) of the Williamsburg property to Bennun and the defendants now refuse to repay the loans although they have sufficient funds to do so. See id. ¶¶ 62-71. "If the defendants disclosed their plans to short sell the Williamsburg property, plaintiffs would have commenced earlier legal actions to recover their monies." Id. ¶ 128.

Cornwall and Soloviev are both foreign parties. Cornwall is a Nevis corporation with its principal place of business in Charlestown, Nevis, while Soloviev is a Russian citizen who currently resides in Moscow, Russia. Id. ¶¶ 9-10.

In the Amended Complaint, Cornwall and Soloviev allege that Batrachenko is a United States citizen who resides in New Jersey and is the co-founder and principal of Thor USA, a New York corporation, and other affiliated companies. Id. ¶¶ 11, 14. Atlant is a Delaware limited liability company with its

principal place of business in New York, New York, and North 3rd Development LLC is a New York limited liability company with its principal place of business in New York, New York.  Id. ¶¶ 13, 16.  Kambolin and Bennun are United States citizens who reside in New York, New York.  Id. ¶¶ 15, 17.

## DISCUSSION

Plaintiffs assert federal jurisdiction pursuant to 7 U.S.C. § 25(c), 28 U.S.C. §§ 1331, 1332(a), and 1367(a).  7 U.S.C. § 25(c) grants district courts jurisdiction for private rights of action under the Commodities Exchange Act ("CEA"), which concerns and regulates dealings in commodities.  Neither the loans nor the real estate is a commodity.[2]  The parties make no mention or argument regarding federal question or supplemental jurisdiction in their papers; no support for any such concept is given; and those recitals in the amended complaint are considered abandoned.  The sole issue is whether there is diversity jurisdiction.

Atlant and Kambolin contend that dismissal is appropriate because Batrachenko is a U.S. citizen domiciled abroad in Russia, and therefore the court does not have jurisdiction under 28 U.S.C. § 1332.  In response, Cornwall and Soloviev argue that

---

[2] Commodities are defined in 7 U.S.C. § 1a(9): they are primarily agricultural products.

-4-

Batrachenko is domiciled in New York, so there is diversity jurisdiction.

**1.**

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. U.S., 201 F.3d 110, 113 (2d Cir. 2000).

28 U.S.C. § 1332 grants the district courts jurisdiction over cases between "citizens of a State" and "citizens or subjects of a foreign State." United States citizens domiciled abroad are not "citizens of a State." They are not "citizens or subjects of a foreign State." Thus, a suit naming such persons as parties cannot be based on diversity. See Creswell v. Sullivan & Cromwell, 922 F.2d 60, 68-69 (2d Cir. 1990):

> United States citizens who are domiciled abroad are neither citizens of any state of the United States nor citizens or subjects of a foreign state, and § 1332(a) does not provide that the courts have jurisdiction over a suit to which such persons are parties. Though we are unclear as to Congress's rationale for not granting United States citizens domiciled abroad rights parallel to those it accords to foreign nationals, the language of § 1332(a) is specific and requires the conclusion that a suit by or against United States citizens domiciled abroad may not be premised on diversity. See Smith v. Carter, 545 F.2d 909 (5th Cir.), cert. denied, 431 U.S. 955, 97 S.Ct. 2677 (1977); see also 1 Moore's

> Federal Practice ¶0.74[4]1990; 13B C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure, § 3621, at 577-78 (1984).
>
> According to the complaint, though most of the plaintiffs are citizens of foreign countries, three plaintiffs are United States citizens who permanently reside abroad. Under the above principles, therefore, since not all of the plaintiffs are entitled to sue in federal court based on the diversity statute, plaintiffs may not maintain this suit on the basis of jurisdiction.

When a defendant challenges a plaintiff's grounds for diversity, the plaintiff must prove "by a preponderance of the evidence that it exists." Makarova, 201 F.3d at 113. "In an action in which jurisdiction is premised on diversity of citizenship, diversity must exist at the time the action is commenced." Universal Licensing Corp. v. Paola del Lungo S.p.A., 293 F.3d 579, 581 (2d Cir. 2002).

For purposes of diversity jurisdiction, it is domicile that determines citizenship. Domicile is the place where one has "his true fixed home and principal establishment, and to which whenever he is absent, he has the intention of returning." Linardos v. Fortuna, 157 F.3d 945, 948 (2d Cir. 1998) (quoting 13B Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure, § 3612 at 526 (2d ed. 1984). "Domicile requires (1) the party's presence in the state; (2)

the intent to remain in that state indefinitely." Nat'l Artists Mgmt. Co. v. Weaving, 769 F. Supp. 1224, 1227 (S.D.N.Y. 1991).

To determine domicile, consider the "totality of the evidence." Id. "No single factor is conclusive, although the residence of a married person's spouse and children (if the couple has not separated) is given considerable weight." National Artists, 769 F. Supp. at 1228.

### 2.

The parties' views are at odds about Batrachenko's domicile, and ordinarily we do not resolve issues of fact on motions, but reserve them for trial. In this case, however, no genuine issues of fact are raised, because it is apparent that their submissions refer to different time periods.

Cornwall and Soloviev assert that Batrachenko is domiciled in New York. They allege that Batrachenko has four current residences in the United States (two in New Jersey and two in New York), and claim he resides in New Jersey, where he has a current driver's license. Thompson Decl. ¶¶ 2-4. They submit considerable documentary evidence that he had dealings in New York from 2005 through 2009, did some business there in 2010, and has some litigation there. Plaintiffs also contend that Batrachenko is domiciled in New York because that is where his second wife, Tatiana Smirnoff Zayes Batrachenko, and his daughter, Jane Batrachenko, reside. Plaintiff Soloviev states:

> I have known the Defendant, Oleg Batrachenko a/k/a Oleg Batratchenko a/k/a O.V. Batrachenkov ("Batratchenko") since 2007. At all material times, Batratchenko represented to me that he was a permanent resident of New York, New York in the United States; that he lived in New York with his wife, Tatiana Smirnoff, and daughter Jane Batratchenko; and that his wife, Tatiana Smirnoff sat on the board of directors of Thor United Corp. ("Thor USA").

Soloviev Decl. ¶ 4.

Like much of plaintiff's factual submissions, that one is out-of-date. It disregards (probably through ignorance) the unequivocal evidence that the Batrachenkos were divorced in 1999, and he understandably no longer is domiciled with her. He now lives in Moscow. Defendant Peter Kambolin declares:

> 2. I personally knew Oleg Batrachenko's ex-wife Tatiana Smirnoff when Batrachenko lived in the United States and the two were married, and am aware that he divorced her in December 1999.
>
> 3. In addition, based on my conversations with Oleg Batrachenko over the years, I know that he currently resides in Russia, in an apartment his late father owned at 24/1 Frunzenskaya Naberezhnaya, Apt. 60, Moscow, Russia, which is located in the Khamnoviki neighborhood in Moscow.
>
> 4. I also know that he lives with two of his children[,] Maxim, age 5, and Karina, age 7.
>
> 5. Karina attends private school in Moscow, and Maxim attends the kindergarten "Solnyshko" in the Kuntsevskiy district of Moscow.
>
> 6. I also know that Batrachenko's current primary place of business is 18 Malaya

> > Priogovskaya Street, building 1, office 206 in Moscow.
> >
> > I declare under penalty of perjury that the foregoing statements are true and correct.
>
> Kambolin Reply Decl. ¶¶ 2-6.

On August 30, 2012 the Moscow City Court upheld the decision of the Khamnovniki district court of Moscow, including its identification of "the individual O.V. Batrachenko, who resides in the jurisdiction of Khamovniki district court of Moscow." See Ex. 6 to Am. Compl. at 4.

Batrachenko is a U.S. citizen domiciled in Moscow, Russia, and this court has no more jurisdiction over the subject matter of this case than it does over a multitude of business litigations in New York between United States citizens who do not reside in separate states.

### 3.

There being no subject matter jurisdiction over this action, plaintiffs' related motions for leave to further amend the complaint (Dkt. No. 44), to dismiss it for legal insufficiency (Dkt. Nos. 9 and 30), perform alternative service on Batrachenko (Dkt. No. 22), and for expanded jurisdictional discovery (Dkt. No. 48) are denied.

### CONCLUSION

Defendants Atlant Capital Holdings and Kambolin's motion (Dkt. No. 30) is granted, and the amended complaint is dismissed

for lack of subject matter jurisdiction.  The pending related motions (Dkt. Nos. 9, 22, 30, 44, and 48) are also dismissed.

The clerk is directed to enter judgment accordingly.

So ordered.

Dated:  New York, New York
        October 8, 2013

                                    /s/ Louis L. Stanton
                                    LOUIS L. STANTON
                                         U.S.D.J.